**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**PHILIP TARLEY and BEATHA TARLEY, and others similarly situated,**

**Plaintiffs,**

**v.** // **CIVIL ACTION NO. 1:06CV37**
**(Judge Keeley)**

**FAIRMONT TIMES WEST VIRGINIAN, GMAC MORTGAGE CORPORATION, DITECH.COM, INC. and WESTERN UNION HOLDINGS, INC.,**

**Defendants.**

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT NEWSPAPER HOLDINGS, INC. DBA FAIRMONT TIMES WEST VIRGINIAN'S MOTION TO DISMISS AND GRANTING DEFENDANT GMAC MORTGAGE CORPORATION'S MOTION TO DISMISS**

Pending before the Court are the defendant Newspaper Holdings, Inc. dba Fairmont Times West Virginian's ("Fairmont Times") renewed motion to dismiss Count Four of the plaintiffs', Philip and Beatha Tarley ("the Tarleys"), Amended Complaint, and defendant GMAC Mortgage Corporation's ("GMAC") motion to dismiss Counts Two, Four and Five of the Tarleys' Amended Complaint.

For the reasons that follow, the Court **GRANTS** the Fairmont Times' and GMAC's respective motions and **DISMISSES WITH PREJUDICE** the Tarleys' remaining claims against them. Further, the Court **DISMISSES WITHOUT PREJUDICE** the Tarleys' claims against the defendants "John Doe" and Western Union Corporation.

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT NEWSPAPER HOLDINGS, INC. DBA FAIRMONT TIMES WEST VIRGINIAN'S MOTION TO DISMISS AND GRANTING DEFENDANT GMAC MORTGAGE CORPORATION'S MOTION TO DISMISS**

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Tarleys allege that, in December of 2003 and January of 2004, the Fairmont Times published advertisements displaying Ditech.com's logo and purporting to offer consumer loans. In January of 2004, the Tarleys responded to the advertisement and received a loan application.[1] After completing and returning the loan application, the Tarleys were advised that they had been approved for a $44,000 loan but were instructed that, before the funds could be disbursed, they must wire a $1,336.89 "loan insurance payment" to a "person or entity in Canada" (the "John Doe" defendant), via Western Union.

On or about January 15, 2004, the Tarleys wired the "loan insurance payment," as instructed. Thereafter, they received no loan and discovered that they were victims of a scam of John Doe. The Tarleys reported the incident to the Federal Bureau of Investigation, the Marion County Sheriff's Department, and the U.S.

1 The Tarleys have provided no details as to how they initially responded to the advertisement or by what method they received the loan application.

**TARLEY, ET AL. v. FAIRMONT TIMES WEST VIRGINIAN, ET AL. 1:06CV37**

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT NEWSPAPER HOLDINGS, INC. DBA FAIRMONT TIMES WEST VIRGINIAN'S MOTION TO DISMISS AND GRANTING DEFENDANT GMAC MORTGAGE CORPORATION'S MOTION TO DISMISS**

Attorney's Office. According to the Tarleys, however, no enforcement action has been taken against John Doe.

On January 17, 2006, the Tarleys sued the Fairmont Times, GMAC, Ditech.com, Inc.[2], and Western Union Holdings, Inc. (WUH) in the Circuit Court of Marion County, West Virginia. In their Complaint, the Tarleys alleged negligence, fraud, and violations of the West Virginia Consumer Credit and Protection Act ("WVCCPA") against all defendants. On March 8, 2006, the Fairmont Times, with the consent of all other named defendants, timely removed the action to this Court pursuant to 28 U.S.C. § 1441 on grounds of diversity jurisdiction pursuant to 28 U.S.C. § 1332.

Later, by Order dated June 16, 2006, the Court dismissed all of the Tarleys' claims against WUH for lack of personal jurisdiction, dismissed with prejudice the Tarleys' negligence and WVCCPA claims against the Fairmont Times for failure to state a

[2] By its Order dated May 16, 2006, (Doc. No. 13), the Court "dismissed, with prejudice, [Ditech.com, Inc.] as a party defendant to this civil action[, further ordering that it's] name should be stricken from caption or style of this civil action, and that the Complaint should be deemed amended to delete all references to 'Ditech.com, Inc.' contained therein," because Ditech.com is merely a trade name of GMAC, and is thus not a separate entity against which an action may be maintained.

3

**TARLEY, ET AL. v. FAIRMONT TIMES WEST VIRGINIAN, ET AL. 1:06CV37**

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT NEWSPAPER HOLDINGS, INC. DBA FAIRMONT TIMES WEST VIRGINIAN'S MOTION TO DISMISS AND GRANTING DEFENDANT GMAC MORTGAGE CORPORATION'S MOTION TO DISMISS**

claim, and deferred ruling on the Fairmont Times' motion to dismiss the Tarleys' fraud claims against it. By that Order, the Court also granted the Tarleys leave to amend their Complaint and ordered them to set forth their fraud claims in conformity with Fed.R.Civ.P 9(b)'s ("Rule 9(b)") heightened pleading requirements.

On July 10, 2006, the Tarleys filed their Amended Complaint, adding Western Union Corporation ("Western Union") and "John Doe" as named defendants and supplementing the allegations supporting their remaining claims. Thereafter, on July 31, 2006, the Fairmont Times renewed its motion to dismiss and, on August 28, 2006, GMAC filed its motion to dismiss. Although the Tarleys filed a response in opposition to Fairmont Times' renewed motion on September 14, 2006, they filed no response to GMAC's motion. Because the briefing deadlines imposed by Rule 7.02 of the Local Rules of Civil Procedure have passed, the defendants' motions are ripe for review.

## II. STANDARDS OF LAW

### A. Rule 12(b)(6) Motion to Dismiss

In ruling on a motion to dismiss under Fed.R.Civ.P. 12(b)(6), the Court must accept as true all well-pleaded material factual

4

**TARLEY, ET AL. v. FAIRMONT TIMES WEST VIRGINIAN, ET AL. 1:06CV37**

**MEMORANDUM OPINION AND ORDER
GRANTING DEFENDANT NEWSPAPER HOLDINGS,
INC. DBA FAIRMONT TIMES WEST VIRGINIAN'S
MOTION TO DISMISS AND GRANTING DEFENDANT
GMAC MORTGAGE CORPORATION'S MOTION TO DISMISS**

allegations. Franks v. Ross, 313 F.3d 184, 192 (4th Cir. 2002). Dismissal for failure to state a claim is properly granted where, assuming all well pleaded facts alleged in the complaint to be true, and construing the allegations in the light most favorable to the plaintiff, it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Conley v. Gibson, 355 U.S. 41, 45-46 (1957). In ruling on a Rule 12(b)(6) motion to dismiss, the court must limit itself to the face of the complaint, attached exhibits, and documents incorporated by reference. New Beckley Mining Corp. v. Int'l United Mine Workers of America, 18 F.3d 1161, 1164 (4th Cir. 1994)(citing Cortec Indus. V. Sum Holding, L.P., 949 F.2d 42, 47-48 (2d Cir. 1991)). However, bare "conclusions of law and unwarranted deductions of fact are not admitted [and a] complaint may be dismissed if the law does not support the conclusions argued, or where the facts alleged are not sufficient to support the claim presented." Foster v. Columbia Gas Transmission Corp., 131 F.Supp.2d 822, 824 (N.D.W.Va. 2000)(quoting Mylan Laboratories, Inc. v. Akzo, N.V., 770 F.Supp. 1053, 1059 (D.Md. 1991)).

5

**TARLEY, ET AL. v. FAIRMONT TIMES WEST VIRGINIAN, ET AL. 1:06CV37**

**MEMORANDUM OPINION AND ORDER
GRANTING DEFENDANT NEWSPAPER HOLDINGS,
INC. DBA FAIRMONT TIMES WEST VIRGINIAN'S
MOTION TO DISMISS AND GRANTING DEFENDANT
GMAC MORTGAGE CORPORATION'S MOTION TO DISMISS**

**B. Stating a Claim for Fraud under West Virginia Law**

Under West Virginia law, "[t]he essential elements of fraud are: '(1) that the act claimed to be fraudulent was the act of the defendant or induced by him; (2) that it was material and false; that plaintiff relied upon it and was justified under the circumstances in relying upon it; and (3) that he was damaged because he relied upon it.'" Horan v. Turnpike Ford, Inc., 433 S.E.2d 559, 564 (W.Va. 1993)(citations omitted).

**C. Pleading Fraud under Fed.R.Civ.P. Rule 9(b)**

Under Rule 9(b), "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Nonetheless, a court should hesitate to dismiss a complaint under Rule 9(b) if it believes that "the defendant has been made aware of" the allegations it must defend itself against and the "plaintiff has substantial" supporting evidence before bringing suit. Harrison v. Westinghouse Savannah River Co., 176 F.3d 776, 784 (4th Cir. 1999). While not required to plead their evidence in order to survive scrutiny under Rule 9(b), plaintiffs must make more than bald assertions against the defendant. Dubowski

6

**TARLEY, ET AL. v. FAIRMONT TIMES WEST VIRGINIAN, ET AL. 1:06CV37**

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT NEWSPAPER HOLDINGS, INC. DBA FAIRMONT TIMES WEST VIRGINIAN'S MOTION TO DISMISS AND GRANTING DEFENDANT GMAC MORTGAGE CORPORATION'S MOTION TO DISMISS**

v. Dominion Bankshares Corp., 763 F.Supp. 169, 172 (W.D.Va. 1991). Further, Rule 9(b) requires that a plaintiff's allegations of fraud convey a good faith basis to believe that the plaintiff makes more than frivolous or unfounded accusations. See Benoay v. Decker, 517 F.Supp. 490, 492 (E.D.Mich. 1981, aff'd without opinion, 735 F.2d 1363 (6th Cir 1984). Accord, Harrison, 176 F.3d at 784; U.S. ex rel. Harrison v. Westinghouse Savannah River Co., 352 F.3d 908, 922 (4th Cir. 2003). Finally, in a Rule 9(b) analysis, the paramount circumstances a court ordinarily looks to for particularity are "the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." Harrison, 176 F.3d at 784 (citing sources and quoting 5 Charles Alan Wright and Arthur R. Miller, Federal Practice and Procedure: Civil § 1297, at 590 (2d ed. 1990))

## III. ANALYSIS

### A. Fairmont Times' Renewed Motion to Dismiss

In Count Four of their Amended Complaint, the Tarleys allege, in pertinent part, that the defendants, "aided and abetted by each other did combine to defraud the plaintiff of the sum of

7

**TARLEY, ET AL. v. FAIRMONT TIMES WEST VIRGINIAN, ET AL. 1:06CV37**

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT NEWSPAPER HOLDINGS, INC. DBA FAIRMONT TIMES WEST VIRGINIAN'S MOTION TO DISMISS AND GRANTING DEFENDANT GMAC MORTGAGE CORPORATION'S MOTION TO DISMISS**

$1,336.89." (Amended Complaint ¶ 33). They contend that the advertisement giving rise to this action was placed in the Fairmont Times by a fictitious advertising agency and was paid for with a stolen personal credit card. As such, the Tarleys aver that the Fairmont Times was on notice of the fictitious and allegedly fraudulent nature of the advertisement it published and on which the Tarleys relied. Thus, they allege that the Fairmont Times is liable as an aider and abettor to the fraud perpetrated by John Doe, because it "failed to have adequate security measures that protected consumers from fraudulent schemes such as" the one to which they fell prey. (Amended Complaint ¶¶ 39-40).

In contrast, the Fairmont Times argues that no claim for fraud can lie against it, as either a principal or an aider and abettor, because it neither had knowledge of nor profited from the purported fraud. Moreover, it contends, Count Four of the Tarleys' Amended Complaint fails to meet the heightened pleading requirements of Rule 9(b) because it is comprised of nothing more than vague and ambiguous allegations that the newspaper aided and abetted in John Doe's fraud.

8

**TARLEY, ET AL. v. FAIRMONT TIMES WEST VIRGINIAN, ET AL.  1:06CV37**

**MEMORANDUM OPINION AND ORDER
GRANTING DEFENDANT NEWSPAPER HOLDINGS,
INC. DBA FAIRMONT TIMES WEST VIRGINIAN'S
MOTION TO DISMISS AND GRANTING DEFENDANT
GMAC MORTGAGE CORPORATION'S MOTION TO DISMISS**

The Tarleys attempt to support their claims by relying on Buckey v. Halstead, 355 S.E.2d 380 (W.Va. 1987); and LeMaster v. Estate of Hough, 519 S.E.2d 640 (W.Va. 1999). Despite their arguments, the Court finds the Tarleys' reliance on the West Virginia Supreme Court of Appeals' decisions in Buckey and LeMaster unavailing.  Although these cases lend support to the proposition that civil liability as an aider and abettor may attach to one who facilitates, but does not directly participate in, the tortious or illegal conduct of another, "[g]enerally, however, 'a person does not have a duty to protect others from the deliberate criminal conduct of third parties.'"  LeMaster, 519 S.E.2d at 544 (quoting Miller v. Whitworth, 455 S.E.2d 821, 825 (W.Va. 1995)); accord Buckey, 355 S.E.2d at 385-386.  Contrary to the broad construction urged by the Tarleys, Buckey and LeMaster recognize only the limited attachment of aider and abettor liability in instances where a defendant's "affirmative actions or omissions have unreasonably created or increased the risk of injury [to the plaintiff, or where the defendant] knows that the other's conduct constitutes a breach of duty and gives substantial assistance or

9

**TARLEY, ET AL. v. FAIRMONT TIMES WEST VIRGINIAN, ET AL. 1:06CV37**

**MEMORANDUM OPINION AND ORDER**
**GRANTING DEFENDANT NEWSPAPER HOLDINGS,**
**INC. DBA FAIRMONT TIMES WEST VIRGINIAN'S**
**MOTION TO DISMISS AND GRANTING DEFENDANT**
**GMAC MORTGAGE CORPORATION'S MOTION TO DISMISS**

encouragement to the other." Id. (internal quotations and citations omitted).

By their own admission, nothing in the Tarleys' Amended Complaint could be construed as an allegation that the Fairmont Times acted as a principal in the fraudulent scheme behind the fictitious Ditech.com advertisement. Thus, the survival of their fraud claim lies, if at all, in the Tarleys' assertion that the Fairmont Times aided and abetted in John Doe's fraud. Their complaint, however, fails to state with particularity how the Fairmont Times unreasonably created or increased the risk that John Doe would place a fraudulent advertisement in its newspaper. Likewise, nowhere do the Tarleys allege that the Fairmont Times knew of the advertisement's falsity at the time it was published or substantially assisted or encouraged John Doe in furthering his fraudulent scheme.

Thus, the Court finds that the Tarleys have failed to state the circumstances constituting any alleged fraud by the Fairmont Times with the particularity required by Fed.R.Civ.P. 9(b), **GRANTS** the newspaper's renewed motion to dismiss Count Four of the

10

**TARLEY, ET AL. v. FAIRMONT TIMES WEST VIRGINIAN, ET AL. 1:06CV37**

**MEMORANDUM OPINION AND ORDER
GRANTING DEFENDANT NEWSPAPER HOLDINGS,
INC. DBA FAIRMONT TIMES WEST VIRGINIAN'S
MOTION TO DISMISS AND GRANTING DEFENDANT
GMAC MORTGAGE CORPORATION'S MOTION TO DISMISS**

Tarleys' Amended Complaint, and **DISMISSES WITH PREJUDICE** the Tarleys' claim of fraud against the Fairmont Times.

**B. GMAC's Motion to Dismiss**

**1. Count II - Negligence**

In Count Two of their Amended Complaint, the Tarleys allege that GMAC, the parent company of Ditech.com, "knew or should have known that the John Doe entity had stolen Ditech.com's identity and was using the Ditech.com. [sic] identity to scam consumers." (Amended Complaint ¶ 25).

In its motion to dismiss, GMAC argues that nothing alleged in the Tarleys' Amended Complaint supports a negligence claim against it, because, *inter alia*, the Tarleys have failed to allege facts that could give rise to a duty of care owed by GMAC to the Tarleys. Because no duty of care was alleged or can be shown to exist on its part, GMAC argues that no breach may be found, thereby precluding any potential liability in negligence. The Court agrees.

As the West Virginia Supreme Court of Appeals has succinctly recognized, "[i]t is axiomatic that to establish a prima facie case of negligence in West Virginia, it must be shown that the defendant

11

**TARLEY, ET AL. v. FAIRMONT TIMES WEST VIRGINIAN, ET AL. 1:06CV37**

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT NEWSPAPER HOLDINGS, INC. DBA FAIRMONT TIMES WEST VIRGINIAN'S MOTION TO DISMISS AND GRANTING DEFENDANT GMAC MORTGAGE CORPORATION'S MOTION TO DISMISS**

has been guilty of some act or omission in violation of a duty owed to the plaintiff. No action for negligence will lie without a duty broken." Hinkle v. Martin, 256 S.E.2d 768, 770 (W.Va. 1979)(citing sources). Moreover, a defendant owes no duty to control the actions of a third party, absent some "special relationship" with either the plaintiff or the third party. Holsten v. Massey, 490 S.E.2d 864, 870 n.4 (W.Va. 1997).

Here, even when taken as true and viewed in the light most favorable to the plaintiffs, the factual allegations pled by the Tarleys fail to support an inference that GMAC owed them a duty of care. Further, nothing in the Tarleys' Amended Complaint could be construed to support a finding that GMAC had a "special relationship" with either the Tarleys or John Doe such that GMAC had a duty to control John Doe's actions. Thus, lacking allegations sufficient to support an inference that GMAC had either a duty to control the actions of John Doe or owed some other duty of care to them, the Tarleys' Amended Complaint fails to state a claim for negligence against GMAC. Accordingly, the Court **GRANTS** GMAC's motion to dismiss Count Two of the Amended Complaint and

12

**TARLEY, ET AL. v. FAIRMONT TIMES WEST VIRGINIAN, ET AL. 1:06CV37**

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT NEWSPAPER HOLDINGS, INC. DBA FAIRMONT TIMES WEST VIRGINIAN'S MOTION TO DISMISS AND GRANTING DEFENDANT GMAC MORTGAGE CORPORATION'S MOTION TO DISMISS**

**DISMISSES WITH PREJUDICE** the Tarleys' negligence claim against GMAC.

**2. Count IV - Fraud**

In Count Four of their Amended Complaint, the Tarleys allege, in pertinent part, that all of the defendants "aided and abetted by each other did combine to defraud the plaintiff," (Amended Complaint ¶ 33), and that "defendant GMAC Mortgage was aware or should have been aware that the John Doe entity had stolen Ditech.com's identity and failed to take any action to warn consumers of the fraud." (Amended Complaint ¶ 42).

In its motion to dismiss, GMAC argues that the Tarleys' allegations of fraud simply fail to state with any particularity the time, place, or nature of any fraudulent act or concealment by GMAC. Further, it asserts, that those allegations do not indicate that GMAC was in any way involved in the fraud allegedly perpetrated by John Doe.

In this case, the Tarleys premise their fraud claim against GMAC on the bald assertion that GMAC knew or should have known that John Doe had placed fictitious advertisements in the Fairmont Times

13

**TARLEY, ET AL. v. FAIRMONT TIMES WEST VIRGINIAN, ET AL. 1:06CV37**

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT NEWSPAPER HOLDINGS, INC. DBA FAIRMONT TIMES WEST VIRGINIAN'S MOTION TO DISMISS AND GRANTING DEFENDANT GMAC MORTGAGE CORPORATION'S MOTION TO DISMISS**

containing the Ditech.com trade name, and participated in that fraud by failing to warn consumers. Nothing in the Amended Complaint, however, supports a finding that GMAC had any knowledge of John Doe, the complained-of advertisement, or any other fact material to this case prior to being named as a defendant. Accordingly, the Tarleys' bald averments of fraud against GMAC fail to satisfy the heightened pleading requirements in Fed.R.Civ.P. 9(b), and the Court, therefore, **GRANTS** GMAC's motion to dismiss Count Four of the Tarleys' Amended Complaint and **DISMISSES WITH PREJUDICE** the Tarleys' fraud claim against GMAC.

**3. Count V - WVCCPA**

In Count Five of their Amended Complaint, the Tarleys allege that all defendants "aided and abetted by each other did combine with each other to violate the [WVCCPA] West Virginia Code § 46A-6-102(f)(13) by engaging in a concerted effort to deceive, defraud, use false pretenses, false promises or misrepresentations in the advertising of loans to consumers." (Amended Complaint ¶ 45).

The West Virginia consumer Credit and Protection Act ("WVCCPA"), W.Va. Code §§ 46A-1-101 et. seq., proscribes, *inter*

14

**TARLEY, ET AL. v. FAIRMONT TIMES WEST VIRGINIAN, ET AL. 1:06CV37**

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT NEWSPAPER HOLDINGS, INC. DBA FAIRMONT TIMES WEST VIRGINIAN'S MOTION TO DISMISS AND GRANTING DEFENDANT GMAC MORTGAGE CORPORATION'S MOTION TO DISMISS**

*alia*, certain business conduct related to the advertising, granting, and administration of consumer credit products. In particular, the WVCCPA provision allegedly violated by the defendants proscribes:

> [t]he act, use or employment by any person of any deception, fraud, false pretense, false promise or misrepresentation, or the concealment, suppression or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any goods or services, whether or not any person has in fact been misled, deceived or damaged thereby.

W.Va. Code § 46A-6-102(f)(13)(2003).

In this case, the Tarleys have failed to assert factual allegations that GMAC was responsible for any act or omission "in connection with" John Doe's placement of the fictitious advertisement purporting to offer consumer loans by GMAC's subsidiary Ditech.com. Nor have they alleged that GMAC intentionally participated in the complained-of fraud in any other way.[3] Rather, the allegation that GMAC aided, abetted and combined

[3] Although not raised by the defendants, the Court notes that if a WVCCPA "violation is unintentional or the result of a bona fide error … no liability is imposed." W.Va. Code § 46A-5-101

15

**TARLEY, ET AL. v. FAIRMONT TIMES WEST VIRGINIAN, ET AL. 1:06CV37**

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT NEWSPAPER HOLDINGS, INC. DBA FAIRMONT TIMES WEST VIRGINIAN'S MOTION TO DISMISS AND GRANTING DEFENDANT GMAC MORTGAGE CORPORATION'S MOTION TO DISMISS**

with the other defendants in a concerted effort to deceive or defraud the Tarleys in violation of the WVCCPA amounts to nothing more than a bald assertion. Accordingly, the Court **GRANTS** GMAC's motion to dismiss Count Five of the Tarleys' Amended Complaint and **DISMISSES WITH PREJUDICE** the Tarleys' WVCCPA claim against GMAC.

## IV. Claims Against John Doe and Western Union Corporation

In the Fourth Circuit, an action against a "John Doe" defendant may only be maintained if such unnamed defendant's true identity appears to be reasonably ascertainable. Schiff v. Kennedy, 691 F.2d 196, 198 (4th Cir. 1982). Here, the record fails to suggest that service of process was attempted by publication or in any other manner on the John Doe defendant. Moreover, while more than thirty (30) months have passed since the Tarleys discovered the alleged fraud, the record is devoid of any insight into John Doe's true identity. Accordingly, as John Doe's true identity does not appear to be reasonably ascertainable, the Court **DISMISSES WITHOUT PREJUDICE** the Tarleys' claims against the "John Doe" defendant.

---

(2003).

16

**TARLEY, ET AL. v. FAIRMONT TIMES WEST VIRGINIAN, ET AL. 1:06CV37**

**MEMORANDUM OPINION AND ORDER
GRANTING DEFENDANT NEWSPAPER HOLDINGS,
INC. DBA FAIRMONT TIMES WEST VIRGINIAN'S
MOTION TO DISMISS AND GRANTING DEFENDANT
GMAC MORTGAGE CORPORATION'S MOTION TO DISMISS**

Further, because the Tarleys have failed to perfect service of process on defendant Western Union Corporation, their claims against it are also ripe for dismissal. In accordance with Fed.R.Civ.P. 4(e)(1), this Court must apply the service of process provisions applicable under West Virginia state law. Pursuant to W.Va. Code § 31D-15-1510 (2006), service of process on a corporate defendant, via the West Virginia Secretary of State, requires the Secretary of State to "transmit one copy of such process or notice by registered or certified mail, return receipt requested, [and is sufficient only] if return receipt is signed by an agent or employee of the corporation, or the registered or certified mail sent by the secretary of state is refused by the addressee and the registered or certified mail is returned to the secretary of state, [showing] that delivery has been refused." Crowley v. Krylon Diversified Brands, 607 S.E.2d 514, 516-517 (W.Va. 2004); accord W.Va.R.Civ.P. 4(d)(1)(E). Furthermore, "if a plaintiff fails to serve a summons and complaint upon a defendant within 120 days [of filing suit, the] court should dismiss the action against that defendant without prejudice." Syl. Pt. 3, Burkes v. Fas-Chek Food Mart, Inc., 617 S.E.2d 838 (W.Va. 2005).

17

**TARLEY, ET AL. v. FAIRMONT TIMES WEST VIRGINIAN, ET AL. 1:06CV37**

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT NEWSPAPER HOLDINGS, INC. DBA FAIRMONT TIMES WEST VIRGINIAN'S MOTION TO DISMISS AND GRANTING DEFENDANT GMAC MORTGAGE CORPORATION'S MOTION TO DISMISS**

The record here establishes that the Tarleys attempted to effect service of process on Western Union via the West Virginia Secretary of State on January 20, 2006. That process, however, was neither accepted by Western Union Corporation or its agent nor refused by the addressee. Rather, it was returned, unserved, to the West Virginia Secretary of State on Feb 8, 2006. Moreover, there is no indication that the Tarleys subsequently perfected service on Western Union Corporation. Accordingly, as well over 120 days have passed without sufficient service of process on Western Union Corporation, the Court **DISMISSES WITHOUT PREJUDICE** the Tarleys' claims against it.

## V. CONCLUSION

For the reasons discussed above, the Court **GRANTS** the Fairmont Times' renewed motion to dismiss (Doc. No. 25),[4] **GRANTS** GMAC's motion to dismiss (Doc. No. 27), and **DISMISSES WITH PREJUDICE** the Tarleys' remaining claims against them. Further, the

---

[4] Because this Order disposes of all claims against Fairmont Times, the Court **DENIES AS MOOT** its first motion to dismiss, as to Count Four (Doc. No. 5) and its motion for leave to file out of time (Doc. No. 30).

18

**TARLEY, ET AL. v. FAIRMONT TIMES WEST VIRGINIAN, ET AL. 1:06CV37**

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT NEWSPAPER HOLDINGS, INC. DBA FAIRMONT TIMES WEST VIRGINIAN'S MOTION TO DISMISS AND GRANTING DEFENDANT GMAC MORTGAGE CORPORATION'S MOTION TO DISMISS**

Court **DISMISSES WITHOUT PREJUDICE** all claims asserted in the Tarleys' Amended Complaint against defendants "John Doe" and Western Union Corporation. Because this Order resolves all pending claims, the Court **CANCELS** the motions hearing previously set for November 27, 2006, and **ORDERS** that this case be removed from the Court's docket.

It is so **ORDERED**.

The Clerk of the Court is directed to transmit copies of this Order to counsel of record.

DATED November 15, 2006.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE

19